Lowell NETERER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 8156.

United States Court of Appeals Fourth Circuit.

Argued Nov. 7, 1960.

Decided Nov. 14, 1960.

James T. Smith, Baltimore, Md., for appellant.

Randall C. Coleman, Jr., Baltimore, Md. (Leon H. A. Pierson, U. S. Atty., Daniel H. Honemann, Asst. U. S. Atty., and Ober, Williams, Grimes & Stinson, Baltimore, Md., on the brief) for appellee.

Before SOBELOFF, Chief Judge, and SOPER and BOREMAN, Circuit Judges.

PER CURIAM.

This libel, to recover damages for personal injuries, was brought by Lowell Neterer, First Assistant Engineer on the government-owned vessel United States Naval Ship Esso Cumberland. He alleged that unseaworthiness and negligence caused him to fall on the deck of the ship's machine shop, injuring his knee.

The District Judge who tried the case without a jury found as fact that neither unseaworthiness of the ship nor negligence on the part of the Government was a cause of the injuries. This finding we sustain as it is based on evidence that may be summarized as follows.

At the trial of the case Neterer claimed that he slipped on an accumulation of shavings and a light film of oil thrown from a drill, which, he alleged, was being operated by the Chief Engineer about ten to twelve feet from where Neterer fell. However, as the judge pointed out, when Neterer made his personal injury report three days after the accident he stated [183 F.Supp. 896]:

> "Stepping down into the machine shop, I twisted my left leg and affected the muscles along side of the knee cap. I noticed a sharp pain at the time, but felt I would shake off the bruise or whatever did actually happen to the area of my knee cap * * *."

No mention was then made of slipping; indeed the contrary is intimated. In the clinical record of the hospital, to which Neterer was admitted for treatment to his injured knee, there appears, under "Reasons for Present Admission," the following statement:

> "Two months prior to admission, while entering a room on board ship, on one step his left knee gave way and he fell to the deck."

Neterer may not be barred from proving the fact of slipping on the accumulation of shavings and oil merely because he did not disclose slipping in these earlier statements; but the court may certainly consider the omission of any claim of slipping as a circumstance in weighing his version of the facts given in court. At one point the libellant even testified that he was "forced to assume" that the shavings caused his fall, and, of course, such testimony is consistent with a fall not induced by the condition of the deck.

In addition, there was testimony of the Chief Engineer which contradicted Neterer in material respects.

The issue was one of fact for the trial judge. In the light of all the evidence he was justified in rejecting the libellant's claim as to the cause of the accident. Even if it be assumed that there was an unseaworthy condition of the ship or negligence of the owner, the finding that the injury was the result of his leg yielding, as the earlier reports indicate, is at least as well founded in the evidence as a finding that the libellant's injury resulted from an accumulation of shavings and oil. Certainly on this record we cannot say that the court's finding, that the injury was not caused by either unseaworthiness or negligence, is clearly erroneous.

Affirmed.